IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY LIONEL JONES | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv77 |
| UNITED STATES OF AMERICA | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Anthony Lionel Jones, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Movant filed objections to the Report and Recommendation.[1] This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes movant's objections should be overruled. Movant's claims are barred by the applicable one-year statute of limitations, as the magistrate judge determined. Further, movant entered into a plea agreement to a specific sentence pursuant to Rule 11(c)(1)(C). Accordingly, even if the motion was considered, movant's claims lack merit because he has failed to show either deficient performance by counsel or prejudice. Finally, as the magistrate judge determined, movant's claims also fail to meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005);

---

[1] Movant also filed a supplement to his motion to vacate in which he argued the court should apply the recent Supreme Court ruling in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 315 (2013). The court has considered movant's claims asserted in his supplement when preparing this order. However, the Fifth Circuit has determined that *Alleyne* does not apply retroactively on collateral review. *See United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015); *In re Kemper*, 735 F.3d 211 (5th Cir. 2013).

*Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). A claim of actual innocence of a sentencing enhancement is not a claim of actual innocence of the crime of conviction. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Therefore, the motion to vacate should be dismissed.

Furthermore, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **21** day of **November, 2015.**

_____
Ron Clark, United States District Judge